McMANUS, Judge.
 

 [^Plaintiffs, Alberto Queral and Vincente Davis, file this appeal from the trial court’s grant of exceptions of prescription on be
 
 *956
 
 half of the defendants, which resulted in the dismissal of all of plaintiffs’ claims. For the reasons assigned below, we reverse the trial court’s judgments granting the exceptions of prescription.
 

 STATEMENT OF THE CASE
 

 On February 12,1998, plaintiffs, Alberto Queral and Vincente Davis, purchased a home, located at 200 Terry Parkway, from Mary and Ernest Warrendorf (“the War-rendorfs”). The property was listed and advertised for sale by Latter & Blum, Inc. realtors. A paper flyer advertising the home for sale was available and provided information about the house, including the fact that it was “custom built on pilings”. Murdock Richard was the listing agent on the property for Latter & Blum. Sidney Mahoney, another agent with Latter & Blum, also worked with the plaintiffs concerning this property. According to Queral, both Mahoney and Richard assured him the house and brick fence around the yard were structurally sound and not defective.
 

 Latter & Blum supplied plaintiffs with a property disclosure statement signed by the Warrendorfs on October 2, 1997. The statement was later signed by Queral and Davis on December 8, 1997. Amongst other things, the statement provided that no alterations had been made to the property, no building permits had 14been obtained for any work, and the Warrendorfs knew of no defects in the foundation of the home.
 

 After purchasing the home, Queral noticed thin cracks in the house in approximately May or June of 1998. In November 1998, an air conditioning repairman was working in the attic of the house and noticed unusual bolts. He indicated to Queral that these bolts would only have been put there if a major repair had been done by an engineer.
 

 In December 1998, plaintiffs hired Robert B. Anderson Consulting, Inc. to inspect the property. Anderson, a structural engineer, performed the inspection of the house on April 1, 1999. He submitted a written report to plaintiffs on April 5, 1999. The written report stated the foundation type of the house was a “[p]ost-tensioned slab on ground”, meaning the house was not built on pilings. The report further explained Anderson’s observations that the brick fence leaned significantly and there appeared to have been tie-backs that had been removed. Anderson recommended that the brick fence be secured with either tie-backs or pilasters, or preferably be removed and replaced with a more stable fence structure. With regards to the settlement of the house, Anderson found the differential movement to be average for this area and found it did not appear to be a current cause for concern. He found the slab and superstructure of the residence to be in satisfactory condition and performing adequately.
 

 On April 4, 2000, plaintiffs filed a petition naming the Warrendorfs, Latter & Blum, and Richard as defendants. Plaintiffs alleged defendants made fraudulent misrepresentations that the house was built on pilings prior to the sale. Therefore, they sought redhibition of the sale and return of the purchase price. On February 23, 2003, the plaintiffs filed a First Amended, Supplemental, and Restated Petition alleging the specific redhibitory defect was a differential settlement in the property.
 

 |fiOn March 22, 2007, the Warrendorfs filed an exception of prescription arguing the plaintiffs’ petition was prescribed on its face because it was filed over two years after the purchase of the home. Further, the Warrendorfs alleged that even if the plaintiffs proved they knew of the settlement differential at the time of the sale, the plaintiffs had constructive notice of the problem by March 1999. Therefore, the
 
 *957
 
 Warrendorfs argued the one year prescriptive period began to run at that time and the April 4, 2000 petition was prescribed. The Warrendorfs’ exception was heard on May 21, 2007 and denied by the trial court on July 9, 2007. Latter & Blum and Richard also filed an exception of prescription on June 4, 2007. This exception was heard by the trial court on April 80, 2008 and granted on July 14, 2008.
 

 On July 24, 2008, plaintiffs filed a motion for new trial on the grant of the trial court’s exception of prescription in favor of Latter & Blum and Richard. The War-rendorfs then re-urged their exception of prescription on August 5, 2008. On November 13, 2008 the trial court granted the Warrendorfs’ re-urged exception of prescription, dismissing all claims of plaintiffs. On December 1, 2008, the trial court denied plaintiffs’ motion for new trial.
 

 Upon plaintiffs’ request, the trial court submitted written reasons for judgment on the denial of the motion for new trial and the grant of the re-urged exception of prescription.
 

 Plaintiffs now appeal the judgment granting the exception of prescription in favor of Latter & Blum and Richard, the judgment granting the exception of prescription in favor of the Warrendorfs, and the denial of the motion for new trial. On appeal, plaintiffs argue the notice of cracks is not automatic notice of a defect sufficient to start the running of prescription. They allege the defect was discovered on April 5, 1999, the date the engineers report was received. Therefore, Rthe plaintiffs argue the April 4, 2000 petition was filed within one year of the discovery of the defect.
 

 Plaintiffs further argue there are two different causes of action, an action for fraud and negligent misrepresentation and an action for redhibition. Plaintiffs contend prescription is determined differently for each of these claims. Plaintiffs argue prescription tolls one year from the discovery of the defect for the redhibition claim and one year from the discovery of the fraudulent misrepresentation itself for the negligent misrepresentation claim. They allege the fraud and misrepresentation by defendants was not discovered until the engineers report was received on April 5, 1999.
 

 DISCUSSION
 

 The plaintiffs’ action against Latter & Blum, its agents, and the Warrendorfs is for redhibition, based on fraudulent or negligent misrepresentations made by defendants with regards to the type of foundation that existed beneath the house. La. C.C. art. 2584 governs prescription of these claims, and states, in part:
 

 A. (1) The action for redhibition against a seller who did not know of the existence of a defect in the thing sold prescribes in four years from the day delivery of such thing was made to the buyer or one year from the day the defect was discovered by the buyer, whichever occurs first.
 

 (2) However, when the defect is of residential or commercial immovable property, an action for redhibition against a seller who did not know of the existence of the defect prescribes in one year from the day delivery of the property was made to the buyer.
 

 B. The action for redhibition against a seller who knew, or is presumed to have known, of the existence of a defect in the thing sold prescribes in one year from the day the defect was discovered by the buyer.
 

 Plaintiffs allege the Warrendorfs and Latter & Blum, through its agents, knew or should have known, that the house was not built on pilings. Therefore, pursuant
 
 *958
 
 to La. C.C. art. 2534(B), this action prescribes one year from the day the [7defect was discovered by the buyer. The plaintiffs have alleged the defect is the fact that the house is not built on pilings, and their cause of action against defendants includes the fraudulent misrepresentations made prior to the purchase which led the plaintiffs to believe the house was built on pilings. Therefore, discovery of the defect would occur when the plaintiffs learned the house was not built on pilings.
 

 Queral testified in his deposition that he began noticing cracks in the house in approximately May or June of 1998. The air conditioning repairmen was in the attic and alerted Queral to the unusual bolts, which indicated a major repair had been done, in November 1998. Queral then proceeded to investigate any possible problems by hiring Anderson to perform an inspection. The inspection was conducted on April 1, 1999. However, Anderson’s written report with his findings was not presented to the plaintiffs until April 5, 1999. It was this report that actually stated the house was not built on pilings, but was instead a “[p]ost tension slab on ground.”
 

 We note that Queral had some knowledge of the cracks in the walls and possible problems before the inspection was even completed, which is what prompted him to hire Anderson. However, there is no indication the plaintiffs knew of the lack of pilings under the house prior to receiving Anderson’s report. Thus, we find the plaintiffs did not discovery the defect complained of, that the house was not built on pilings, until the April 5, 1999 engineer’s report.
 

 Similarly, in
 
 Gad v. Granberry,
 
 2007-117 (La.App. 3 Cir. 5/30/07), 958 So.2d 125, the plaintiff homeowners filed a redhibition action based on fraud or negligent misrepresentation against the sellers of the home, after discovering settlement of the home and foundation problems. Defendant filed an exception of prescription arguing the claim had prescribed because it was filed more than one | Ryear after discovery of the defect. The trial court granted the exception of prescription. The plaintiffs appealed, and the Third Circuit reversed the trial court’s decision finding the plaintiffs did not have constructive knowledge of the defect until a second engineer’s report showed the house was structurally unsound due to settlement differential, even though the plaintiffs had investigated problems and made recommended repairs before the report was received. The Third Circuit found the plaintiffs were not informed of the origin of the problem or the extent of the damage until consulting with the architect and receiving the second engineer’s report.
 

 In this case, we find, as the Third Circuit did in
 
 Gad,
 
 that the plaintiffs did not have constructive knowledge of the defect, or the fact that the house was not built on pilings, until the engineer’s report which was given to plaintiffs on April 5, 1999. As in
 
 Gad,
 
 the plaintiffs in this case noticed some problems prior to the engineer’s inspection and report, but did not know the extent, or the fact that the house was not built on pilings until the report was prepared and delivered by Anderson. Thus, the claims against defendants would have prescribed one year from that date, or April 5, 2000. Plaintiffs’ suit was filed April 4, 2000. Thus, it was timely filed and not prescribed.
 

 In accordance with the above, we find the trial court erred in granting the exception of prescription in favor of the Warren-dorfs, Latter & Blum and Richard. Therefore, the trial court’s judgment granting these exceptions is reversed and
 
 *959
 
 the matter is remanded to the trial court for further proceedings.
 

 REVERSED; MATTER REMANDED.